## Case No. 17,635.

### WILBUR et al. v. LAWRENCE.

[2 Blatchf. 314.] [1]

Circuit Court, S. D. New York. Oct., 1851.

CUSTOMS DUTIES—DUTIABLE CHARGES — LIGHTERAGE AT PORT OF SHIPMENT.

1. Where wool, the growth and production of Buenos Ayres, was purchased there for exportation to New-York, but, on account of the blockade of Buenos Ayres was transported in lighters to Montevideo and shipped thence to New-York, held that. under section 16 of the act of August 30th, 1842 (5 Stat. 563), the costs and charges of such transportation from Buenos Ayres to Montevideo could not be added as a part of the dutiable value of the wool.

[Cited in Hutton v. Schell, Case No. 6.961.]

2. The case of Grinnell v. Lawrence [Case No. 5.831] cited, approved and applied.

This was an action to recover back duties paid to the defendant [Cornelius W. Lawrence] as collector of the port of New-York. The facts were these: The plaintiffs [Jeremiah Wilbur and others] entered at the custom-house, on the 17th of May, 1848, a quantity of unwashed wool, imported by them from Buenos Ayres to New-York. The wool was the growth and production of Buenos Ayres, and was purchased there for exportation to New-York, but, on account of the

---

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

blockade of Buenos Ayres, was transported in lighters to Montevideo and shipped from that place to New-York. The value of the wool at Buenos Ayres. together with the costs and charges appraised and ascertained at. the custom-house, with the addition of the usual commissions, was $4.787. Upon this a duty of. 30 per cent.. amounting to $1,436.10, was paid by the plaintiffs on the entry of the wool. The charges for the transportation of the wool from Buenos Ayres to Montevideo, together with 2½ per cent. commission. amounted to $1,281.25. Upon this, also, the defendant exacted a duty of 30 per cent., amounting to $384.30, which sum the plaintiffs paid under protest. They then brought this action to recover it back. A verdict was taken for the plaintiffs. subject to the opinion of the court, and also subject to adjustment at the custom-house in comformity to the decision of the court.

George C. Goddard, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. It is contended for the defendant, that the costs and charges attending the transportation of the wool from Buenos Ayres to Montevideo, are the expenses of shipment incurred subsequent to its purchase. and are to be added to the purchase-price, to make up its market value in the country from which it was imported. The meaning and effect of the 16th section of the act of August 30th, 1842 (5 Stat. 563), as applicable to a similar state of facts, was considered and decided by this court in the case of Grinnell v. Lawrence [Case No. 5,-831]. In that case, the goods were the production of China, and were there purchased and shipped to London, and then re-shipped to the United States. In appraising the value of the goods, the appraisers added the costs of transportation from Canton to London. The court decided that, upon the true construction of the 16th section of the act and of the proviso to that section, the market value of the goods. at the time of their exportation to the United States. in the principal markets of the place of production, with costs and charges to the time of shipment, was the dutiable value, and that the freight and expenses of their transportation from Canton to London could not be added. In that case, the goods were procured in the London market for shipment to the United States, and were not, as in this instance, on a continuous course of transmission from the place of production. nor were they purchased and invoiced at the latter place for this market. In these features there was more colorable ground for computing the expenses of transportation to London as part of the dutiable value, than there is in this case, where the purchase of the wool was

made at Buenos Ayres by the plaintiffs, and its transmission direct to the United States was commenced at that port. The employment of a vessel at Montevideo to carry the cargo, because of the inability to send one from Buenos Ayres, or for any other cause, did not interrupt the continuity of the voyage. This very point has been before the court in former cases, in which it was ruled, at nisi prius, that the charges of such transportation of the cargo could not be estimated in appraising the market value of the goods, and that the amount of costs and charges was limited to what had accrued at the time the goods left Buenos Ayres. The decision of the court that those cases were embraced within the principle of Grinnell v. Lawrence [supra] was not excepted to, and the judgments rendered in those cases, on that construction of the law, were acquiesced in and satisfied by the government.

Judgment must be rendered in this case for the plaintiffs, with a reference to the collector to adjust the true amount of duties payable by the plaintiffs upon the principles of this decision.